**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OLUSEGUN BEXLEY AYODELE,

        Petitioner,

    v.

ERIC HOLDER, et al.,

        Respondents.

Civil No. 11-1927 (CCC)

**OPINION**

**APPEARANCES:**

    OLUSEGUN BEXLEY AYODELE, Petitioner pro se
    A200-67-957   #165512
    Pike County Correctional Facility
    175 Pike County Boulevard
    Lords Valley, Pennsylvania 18428

**CECCHI, District Judge**

This matter is before the Court on the petition of Olusegun Bexley Ayodele ("Ayodele") for habeas corpus relief under 28 U.S.C. § 2241. Petitioner challenges his continued detention by the United States Department of Homeland Security ("DHS"), pending his removal from the United States. Ayodele has failed to pay the filing fee or submit a complete application to proceed in forma pauperis. At the time he submitted this petition, Petitioner was confined at the York County Prison in York, Pennsylvania. Ayodele is currently confined at Pike County

Correctional Facility in Lords Valley, Pennsylvania.[1]  For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

### I. DISCUSSION

A.  Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See Rules Governing § 2254 cases, Rule 2(c), 28 U.S.C. § 2254 (amended Dec. 1, 2004) (applicable to § 2241 petitions through § 2254, Rule 1(b)).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

---

[1] On October 3, 2011, Ayodele submitted a letter, which informed the Court of his change of address.  (Docket Entry No. 5).

B. <u>Jurisdiction</u>

Under Section 2241 of Title 28 of the United States Code, federal prisoners may seek relief for claims of unlawful custody. Section 2241 provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Jurisdiction over a § 2241 habeas petition is limited to the district where the petitioner is being held in custody. 28 U.S.C. § 2241(a); <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-36 (2004); <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 500 (1973)(finding that personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal judicial district in which the custodian of the petitioner resides); <u>Ahrens v. Clark</u>, 335 U.S. 188 (1948); <u>Yi v. Maugans</u>, 24 F.3d 500, 507 (3d Cir. 1994)("A district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district."); <u>United States v. Kennedy</u>, 851 F.2d 689, 690 (3d Cir. 1988); <u>Valdivia v. Immigration and Naturalization Serv.</u>, 80 F. Supp. 2d 326, 332-333 (D.N.J. 2000).

Here, Ayodele was confined at the York County Prison in York, Pennsylvania at the time he filed his petition. Ayodele recently informed the Court that he has been transferred to the

3

Pike County Correctional Facility in Lords Valley, Pennsylvania. (Docket Entry No. 5).  Because York County Prison and Pike County Correctional Facility both lie outside the boundaries of the District of New Jersey, this Court does not have personal jurisdiction over Ayodele's § 2241 habeas petition.

C. Transfer

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, transfer of the habeas action to the United States District Court for the Middle District of Pennsylvania is in the interest of justice.  See 28 U.S.C. § 1631 (if a federal court lacks personal jurisdiction, it "shall transfer" the action to a court with jurisdiction if doing so is in "interest of justice"); Goldlawr v. Heiman, 369 U.S. 463 (1962); Cruz-Aguilera v. Immigration and Naturalization Serv., 245 F.3d 1070, 1074 (9th Cir. 2001); Valdivia, 80 F. Supp. 2d at 333.

Ayodele's claim for release from detention, pending his removal from the United States, has not been reviewed by any court, it is not subject to any time bar, and it is capable of repetition in another district.  See Diop v. ICE/Homeland Security, No. 10-1113, 2011 WL 3849739, at *4-5 (3d Cir. Sept. 1,

4

2011). Moreover, as stated above, personal jurisdiction over Ayodele's former and present custodians resides in the Middle District of Pennsylvania. Therefore, this case will be transferred to the Middle District of Pennsylvania.

## II. CONCLUSION

For the reasons set forth above, this District Court lacks jurisdiction over this matter. Therefore, Ayodele's petition will be transferred to the Middle District of Pennsylvania. An appropriate Order follows.

Dated: November 2, 2011

_____
CLAIRE C. CECCHI
United States District Judge