IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLUSEGUN AYODELE,** | : |
| Petitioner | : |
| | :    CIVIL NO. 3:CV-11-2063 |
| v. | : |
| | :    **(Judge Caputo)** |
| **ERIC HOLDER,** *ET AL.*, | : |
| Respondents | : |

**M E M O R A N D U M**

**I.   Introduction**

Olusegun Bexley Ayodele, a native and citizen of Nigeria, and detainee of the United States Bureau of Immigration and Customs Enforcement (ICE), incarcerated at the Pike County Prison, Lords Valley, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Ayodele claims that his continued detention is unlawful under *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Presently before the Court is Mr. Ayodele's Motion for the Appointment of Counsel.  (Doc. 13)  For the following reasons, Mr. Ayodele's motion for appointment of counsel will be denied.

**II.   Discussion**

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings.  See *Coleman v. Thompson*, 501 U.S. 722, 725 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is

required. *See* Rule 8(c) of the Rules Governing Section 2254 Cases; 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. *See* 18 U.S.C. § 3006A(a)(2). Other factors a court must consider when making a decision regarding the appointment of counsel to represent a prisoner in a habeas action are whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim. *Reese v. Fulcomer*, 946 F.2d 247, 264-265 (3d Cir. 1991).

In this case, appointment of counsel is not warranted. Mr. Ayodele's petition indicates an understanding of the issues. His pleading is well organized, clearly presented, and contain appropriate arguments complete with legal citations. Petitioner's motion for appointment of counsel will therefore be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon another motion by Petitioner.

**Date: December 13, 2011**

  **/s/ A. Richard Caputo**
  **A. RICHARD CAPUTO**
  **United States District Judge**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OLUSEGUN AYODELE,** | : |
| **Petitioner** | : |
| | : CIVIL NO. 3:CV-11-2063 |
| **v.** | : |
| | : (Judge Caputo) |
| **ERIC HOLDER, *ET AL*.,** | : |
| **Respondents** | : |

**O R D E R**

**AND NOW**, this **13th** day of **DECEMBER, 2011**, for the reasons set forth in the accompanying memorandum, it is hereby ordered that Mr. Ayodele's Motion for Appointment of Counsel (Doc. 13) is **DENIED**.

                                                           **/s/ A. Richard Caputo**
                                                           **A. RICHARD CAPUTO
United States District Judge**